IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CLEVELAND LAVELL LEE,

        Plaintiff,

vs.                             Case No. 20-3142-SAC

SHANNON MEYER, et al.,

        Defendants.

**O R D E R**

Plaintiff, pro se, has filed this action apparently alleging a violation of his constitutional rights during his confinement at the Lansing Correctional Facility (LCF). His complaint is written on forms for bringing a case pursuant to 42 U.S.C. § 1983. This case is before the court for the purposes of screening pursuant to 28 U.S.C. § 1915A.

I. Screening standards

Section 1915A requires the court to review cases filed by prisoners seeking redress from a governmental entity or employee to determine whether the complaint is frivolous, malicious or fails to state a claim upon which relief may be granted. A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). But, a pro se litigant is not relieved from following the same rules of procedure as any other

1

litigant. See Green v. Dorrell, 969 F.2d 915, 917 (10th Cir. 1992). Conclusory allegations without supporting facts "are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

When deciding whether plaintiff's complaint "fails to state a claim upon which relief may be granted," the court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)(quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The court accepts the plaintiff's well-pled factual allegations as true and views them in the light most favorable to the plaintiff. United States v. Smith, 561 F.3d 1090, 1098 (10th Cir. 2009). The court may also consider the exhibits attached to the complaint. Id. The court, however, is not required to accept legal conclusions alleged in the complaint as true. Iqbal, 556 U.S. at 678. "Thus, mere 'labels and conclusions' and 'a formulaic recitation of the elements of a cause of action' will not suffice" to state a claim. Khalik v. United Air Lines, 671 F.3d 1188, 1191 (10th Cir. 2012) (quoting Twombly, 550 U.S. at 555).

II. Plaintiff's complaint

Plaintiff names the following defendants in his complaint: Warden Shannon Meyer; (fnu) Winklebauer, Deputy Warden; (fnu) Knowles, unit team officer; and (fnu) Hernandez, unit team officer.

Plaintiff alleges that many items of his property at LCF have been taken from him and "sent to property." Doc. No. 1, p. 2. He claims that his requests for these items' return have been refused, forcing him to buy more from the canteen. Plaintiff seeks monetary damages for lost property, emotional distress and pain and suffering.

III. Plaintiff's complaint fails to state a claim.

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988). Plaintiff does not allege that defendants have violated federal law. Nor does plaintiff assert that he has been denied a specific constitutional protection.[1] It could be argued that plaintiff has been deprived of property

---

[1] Plaintiff does use the term "extortion" in his complaint which suggests criminality. But, at least outside the realm of a criminal contempt proceeding, the court is not empowered to institute a criminal prosecution. See Maine v. Taylor, 477 U.S. 131, 136 (1986)("the United States and its attorneys have the sole power to prosecute criminal cases in federal courts"); U.S. v. Davis, 285 F.3d 378, 383 (5th Cir. 2002)(court lacks power to require United States Attorney to sign indictments). In addition, a plaintiff may not bring a civil cause of action for an alleged violation of a criminal statute. Perry v. Pringle, 2014 WL 129391 *2 (D.Kan. 1/14/2014). The court concludes that plaintiff's reference to "extortion" does not state a claim for relief.

3

without due process in violation of the Fourteenth Amendment.  This argument, however, has been dismissed by the Tenth Circuit and this court under similar circumstances.

In many cases, it has been held that the availability of a state court action for loss of property is sufficient to afford procedural due process as required by the Constitution when property has been taken by the State or a state officer.  See Gee v. Pacheco, 627 F.3d 1178, 1194 (10th Cir. 2010); Sawyer v. Green, 316 Fed.Appx. 715, 717 (10th Cir. 2008) (finding Kansas county prisoner could seek relief in state courts to redress alleged deprivation of property); Neff v. Winfield Corr. Facility, 2020 WL 1659884 *3-4 (D.Kan. 4/3/2020)(following Sawyer); McKeighan v. Corrections Corp. of America, 2008 WL 3822892 *5 (D.Kan. 8/13/2008); Murray v. Roberts, 2007 WL 3353731 *2 (D.Kan. 11/8/2007).  As in the above-cited cases, plaintiff has not alleged that a meaningful post-deprivation remedy was unavailable.

Also, plaintiff's claims for compensatory damages for emotional pain and suffering are barred in this court under federal law.  This court has held that a federal civil action may not be brought by a prisoner "'for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act.'"  Hannah v. Cline, 2020 WL 1433472 *1-2 (D.Kan. 3/24/2020)(quoting 42 U.S.C. § 1997e(e)).

IV. Conclusion

For the above-stated reasons, it appears that plaintiff's complaint fails to state a claim.  The court shall grant plaintiff time until September 8, 2020 to show cause why his complaint should not be dismissed or in the alternative to file an amended complaint which corrects the deficiencies discussed herein.  An amended complaint would supersede the original complaint and must contain all of the claims upon which plaintiff wishes to proceed.  An amended complaint should not refer back to a previous complaint.

**IT IS SO ORDERED.**

Dated this 10th day of August, 2020, at Topeka, Kansas.

s/Sam A. Crow_____
U.S. District Senior Judge